UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINIGTON

| | | |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:23-cv-00189-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORADNUM OPINION** |
| CENTRAL BANK & TRUST CO., | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

This matter is before the Court on the Central Bank's Motion to Dismiss. [R. 8.] U.S. Bank brought this action alleging that Central Bank breached the presentment warranty under KRS § 355.4-208. [R. 1.] Central Bank moves to dismiss both the presentment warranty claim because U.S. Bank did not sufficiently allege damages, as well as U.S. Bank's unjust enrichment claim because the Uniform Commercial Code (UCC) provides a comprehensive recovery scheme. [R. 8.] For the following reasons, the Defendant's Motion to Dismiss [R. 8] is **GRANTED IN PART** and **DENIED IN PART**.

I

The City of Eden Prairie used its U.S. Bank checking account to draw a check in the amount of $140,390.00 with "PlayPower" as the named payee.[1] U.S. Bank alleges that someone forged PlayPower's endorsement on the check and Central Bank took the check for deposit with the forged endorsement. U.S. Bank subsequently paid Central Bank the amount of the check.

---

[1] The facts are taken from Plaintiff's Complaint. [R. 1.] The Court views the facts in the light most favorable to the Plaintiffs, making reasonable inferences in their favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

U.S. Bank then received notice from PlayPower that the endorsement on the check was a forgery. U.S. Bank requested that Central Bank reimburse it for the check amount. Central Bank refused. U.S. Bank now sues Central Bank under KRS § 355.4-208, which avers that when Central Bank presented the check to U.S. Bank, it warranted that there were no unauthorized endorsements.

U.S. Bank first argues that Central Bank breached KRS § 355.4-208, seeking damages in the amount of $140,390.00, plus finance charges, interest, and expenses. [R. 1 at 2.] U.S. Bank also argues that its payment of the check to Central Bank conferred an unjust benefit to Central Bank that it is not entitled to retain. Central Bank subsequently filed this Motion to Dismiss, arguing that U.S. Bank has not stated a claim for relief because it has not suffered recoverable legal damages under the UCC. Specifically, they argue that as a requirement under KRS § 355.4-208, which sets forth warranties made by a bank presenting a check for payment, U.S. Bank must allege and prove *its own* recoverable damages, which it has failed to do. [R. 8 at 4.] In their Response, U.S. Bank states that because they used their own assets when paying the check presented by Central Bank, they are not required to plead that it credited its customer's account. [R. 14 at 2.] The matter, having been fully briefed, is now ripe for review.

**II**

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a plaintiff's complaint. In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby Cnty.*, 220 F.3d 433, 446 (6th Cir. 2000)).

**A**

U.S. Bank first argues that the Central Bank breached the presentment warranty when Central Bank presented a forged check in violation of KRS § 355.4-208. Under KRS § 355.4-208(1)(b), a presenting bank warrants that (1) it is entitled to enforce the check or it is authorized to obtain payment or acceptance of the check on behalf on the person entitled to enforce, (2) the check has not been altered, (3) it has no knowledge the check signature is unauthorized, and (4) with respect to any remotely created item, the person on whose account the check is drawn authorized the issuance of the item in the amount for which the check is drawn. Ky. Rev. Stat. Ann. § 355.4-208(1)(b).

Under the relevant statute, recoverable damages are "the amount paid by the drawee less the amount the drawee received or is entitled to receive from the drawer because of payment." Ky. Rev. Stat. Ann. § 355.4-208(2). In its Motion to Dismiss, Central Bank argues that U.S. Bank's Complaint "fails to sufficiently allege the required elements of damages." [R. 8 at 4.] Specifically, Central Bank argues that "U.S. Bank alleges only that Central Bank 'presented the Check to U.S. Bank for payment' and 'U.S. Bank paid the Check to [Central Bank] in the amount of $140,390.'" *Id.* at 5. From this contention, Central Bank argues that the U.S. Bank ignores that the recoverable measure of damages under the statute is the amount the drawee bank paid "less the amount the drawee received or is entitled to receive from the drawer because of payment." Ky. Rev. Stat. Ann. § 355.4-208(2). Thus, Central Bank concludes that there are no facts supporting the contention that U.S. Bank has suffered any loss as a result of the alleged fraud.

In its Response, U.S. Bank attempts to clarify that it paid the check from its own assets. [R. 14 at 5.] Although the Sixth Circuit has made clear that "a court considering a motion to

3

dismiss must focus only on the allegations in the pleadings [which] does not include plaintiffs' responses to a motion to dismiss," the Court finds that the Plaintiff has alleged enough to make out a plausible claim for relief.  *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020).  Kentucky case law necessitates that "[w]hen a general deposit is made by a bank's customer at the bank, title to the general deposit passes from the depositor to the bank, with the bank undertaking a duty to repay."  *Ford v. Baerg*, 532 S.W.3d 638, 643 n.14 (Ky. 2017).  Further, under Kentucky law, "[a]n item is properly payable if it is authorized by the customer and is in accordance with any agreement between the customer and the bank."  Ky. Rev. Stat. Ann. § 355.4-401(1).  Because the check had a forged endorsement, U.S. Bank could not charge Eden Prairie's account for the amount of the forged check.

Therefore, under Kentucky law, it is plausible that U.S. Bank used its own assets when paying Central Bank, and that U.S. Bank could not lawfully charge Eden Prairie's account for the check.  At this stage in the proceedings, U.S. Bank has pled enough of the presentment claim to proceed.  Taking the allegations in a light most favorable to U.S. Bank, the Court finds that U.S. Bank's Complaint has provided grounds upon which relief can be granted.  Therefore, Central Bank's request to dismiss the presentment claim is denied.

### B

Next, Central Bank requests that U.S. Bank's unjust enrichment claim be dismissed.  [R. 8 at 6.]  U.S. Bank argues that "[w]hen U.S. Bank paid the Check to CB&T, U.S. Bank conferred a $140,390 benefit upon CB&T at U.S. Bank's expense."  [R. 1 at 3.]  U.S. Bank did not address its unjust enrichment claim in its Response.  Although the lack of Response alone cannot provide a basis for dismissal, the Court nevertheless finds that the Complaint does not survive Rule 12(b) dismissal.  *See Scott v. Tennessee*, 878 F.2d 382, at *2 (6th Cir.1989) (affirming district court's

grant of defendants' unopposed motion to dismiss and noting that "if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion").

Under Kentucky law, "[t]here is a strong policy in favor of treating the UCC as occupying the field and displacing common-law causes of action. *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, 434 S.W.3d 489, 505 (Ky. 2014). In other words, when the UCC provides a comprehensive recovery scheme, common law claims should be barred. The question is whether the UCC provides a comprehensive recovery scheme as it relates to forged checks. The Kentucky Supreme Court has answered this question. In *Mark D. Dean, P.S.C. v. Commonwealth Bank & Tr. Co.*, the Kentucky Supreme Court noted that the "Articles 3 and 4 system of remedies is itself intended to be a 'comprehensive allocation scheme for check fraud losses.'" *Id.* at 507. Because the UCC provides a comprehensive remedy, the U.S. Bank's common-law based unjust enrichment claim cannot proceed. Accordingly, U.S. Bank's unjust enrichment is dismissed.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. The Central Bank's Motion to Dismiss **[R. 8]** is **GRANTED IN PART** and **DENIED IN PART**; and

2. Count II of the Complaint **[R. 1]** is **DISMISSED**.

This the 5th day of March, 2024.

Gregory F. Van Tatenhove
United States District Judge