UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

|  |  |  |
|---|---|---|
| U.S. BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:23-cv-00189-GFVT |
| | ) | |
| v. | ) | |
| | ) | **MEMORADNUM OPINION** |
| CENTRAL BANK & TRUST CO., | ) | **&** |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on Cross-Motions for Summary Judgment. [R. 25; R. 32.] U.S. Bank brought this action alleging that Central Bank breached the presentment warranty under KRS § 355.4-208. [R. 1.] On one hand, Central Bank seeks summary judgment on the presentment warranty claim because U.S. Bank did not sufficiently allege damages. [R. 25.] On the other hand, U.S. Bank seeks summary judgment because U.S. Bank suffered damage because of Central Bank's unequivocal breach of its presentment warranty. [R. 32.] For the following reasons, the Defendant's Motion for Summary Judgment [R. 25] is **GRANTED**.

**I**

The City of Eden Prairie used its U.S. Bank checking account to draw a check in the amount of $140,390.00 with "PlayPower" as the named payee.[1] U.S. Bank alleges that someone forged PlayPower's endorsement on the check and Central Bank took the check for deposit with the forged endorsement. U.S. Bank subsequently paid Central Bank the amount of the check.

---

[1] The facts are taken from Plaintiff's Complaint. [R. 1.]

U.S. Bank then received notice from PlayPower that the endorsement on the check was a forgery. U.S. Bank requested that Central Bank reimburse it for the check amount. Central Bank refused. U.S. Bank now sues Central Bank under KRS § 355.4-208, averring that when Central Bank presented the check to U.S. Bank, it warranted that there were no unauthorized endorsements. Central Bank filed a Motion to Dismiss [R. 8], which this Court granted in part and denied in part. [R. 16.] The Court granted Central Bank's request to dismiss U.S. Bank's unjust enrichment claim but denied Central Bank's request to dismiss U.S. Bank's presentment claim. [R. 16 at 4.] Now, both parties have filed Motions for Summary Judgment seeking to have the only remaining count, the presentment warranty claim, resolved in their favor. [R. 25; R. 32.] The matter, having been fully briefed, is now ripe for review.

## II

Summary judgment is appropriate when the pleadings, discovery materials, and other documents in the record show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the Pres. of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. Oct. 21, 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-

2

moving party must go beyond the pleadings and come forward with specific facts demonstrating there is a genuine issue in dispute. *Hall Holding*, 285 F.3d at 424 (citing *Celotex Corp.*, 477 U.S. at 324).

The Court must then determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). In doing so, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001). Summary judgment is inappropriate where there is a genuine conflict "in the evidence, with affirmative support on both sides, and where the question is which witness to believe." *Dawson v. Dorman*, 528 F. App'x 450, 452 (6th Cir. 2013).

The standards upon which we evaluate motions for summary judgment do not change when, as here, "both parties seek to resolve [the] case through the vehicle of cross-motions for summary judgment." *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991).

> The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration.

*Id.* (quoting *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir.1987)).

### A

Central Bank is not arguing that there was no breach of the presentment warranty statute. Rather, they are arguing that under the statute there are no damages. [R. 25 at 4.] Damages are defined as the "amount paid by the drawee less the amount the drawee received or is entitled to

receive from the drawer because of the payment." KRS § 355.4-208(2). The drawee is U.S. Bank and the drawer is Eden Prairie.

Under Central Bank's theory of the case, U.S. Bank paid $140,390 and received $140,390 from Eden Prairie. [R. 25 at 4.] Thus, U.S. Bank, as the drawee, paid $140,390 minus the $140,390 U.S. Bank received from Eden Prairie, the drawer. *Id.* The damages are zero. *Id.* Conversely, under U.S. Bank's theory of the case, U.S. Bank paid Central Bank $140,390. [R. 28 at 2.] Thus, the damages are $140,390. *Id.* However, this reading of the statute reads out "less the amount the drawee received from the drawer" and defines damages simply as the "amount paid." Surely the legislative intent behind the statute was not to render the majority of the words meaningless.

It is a basic canon of statutory construction, that a "Court must interpret a statute as a whole, giving effect to each word, and making every effort not to interpret a provision in a manner that renders other provisions of the same statute inconsistent, meaningless, or superfluous." *Cafarelli v. Yancy*, 226 F.3d 492, 499 (6th Cir. 2000) (internal citations omitted). Under U.S. Bank's proposed reading, the Court would effectively read out of the statute the phrase: "less the amount the drawee received or is entitled to receive from the drawer because of the payment." KRS § 355.4-208(2). The Court cannot conclude this reading was the statute's intention and finds that Central Bank's proposed reading stays truer to the ordinary meaning of the statute.

Based on the language of the statute, U.S. Bank (drawee) may recover from Central Bank damages of the amount paid by U.S. Bank minus the amount U.S. Bank received from Eden Prairie (drawer). The Court finds that U.S. Bank did not sustain damages under the statute

because the amount it paid on the fraudulent check was never credited back to Eden Prairie's account, meaning the damages at this juncture are zero.

**B**

Finding the damages to be zero, the Court will address the parties' remaining arguments. U.S. Bank first argues they are not required to credit Eden Prairie's account prior to filing suit for a presentment warranty claim, citing to *J. Walter Thompson, U.S.A., Inc. v. First BankAmerica*. [R. 28 at 2.] However, the Court finds this case distinguishable.

In *J. Walter Thompson*, the drawee bank was obligated by a prior court judgment to reimburse the drawer. *J. Walter Thompson, Inc. v. First BankAmericano*, 518 F.3d 128, 140 (2nd Cir. 2008). The *J. Walter Thompson* court found that the bank was not required to credit its customer before bringing suit. The court was able to reach this conclusion, while still adhering to the statutory language because there was already a judgment against Bank of America, the drawee. Bank of America subsequently filed a third-party complaint against the presenting banks. *Id.* at *136. The court concluded that it was not premature for Bank of America to collect damages from the presenting banks because it was clear the bank was going to have damages in the form of a judgment entered against it. *Id.* at *140.

In the present case, the Court finds that it would be premature to find U.S. Bank suffered damages because there is no judgment entered against them, nor have they credited the funds back to their client. Further, the *J. Walter Thompson* suit was between the drawer and the drawee. Bank of America, the drawer, filed a third-party suit against the presenting bank seeking to recover the damages owed in the original suit, which is different from this case where the drawee sued the presenting bank. Based on the verbiage of the Kentucky statute, the Court cannot conceive of a world in which the drawee bank can recover without crediting the money

5

back to their client, or having a judgment entered against the drawee bank. Thus, the Court finds that the differences in fact compel a different result—a finding that there are no damages.

The Court finds the facts of *National Union Fire Insurance Co. v. Guaranty Bank and Trust Co.* to be more on point. *National Union Fire Insurance Company of Pittsburgh, PA, v. Guaranty Bank and Trust Company*, 2015 WL 1040447 (D. Colo. 2015). The insurance company who reimbursed the drawer filed suit against the presenting bank to recoup the insurance payout. The parties in *National Union* are different than the case at hand—the insurance company is plaintiff, rather than the drawee bank. However, the *National Union* court noted that the insurance company is standing in the shoes of the drawee bank, and the insurance company may only assert the rights that the drawee bank would be entitled to, meaning that the parties' rights and claims are substantially the same between the two cases. *Id.* at *3. Kentucky law also follows this rule. *See Unifund CCR Partners v. Harrell*, 509 S.W.3d 25 (Ky. 2017) (quoting *Whayne Supply Co. v. Morgan Constr. Co.,* 440 S.W.2d 779, 782 (Ky. 1969)) ("It has long been settled in our jurisprudence that 'an assignee . . . acquires no greater right than was possessed by his assignor . . . .'"). The *National Union* court found that the insurance company suffered no cognizable damage based on the statutory language. *Id.* at *3.

Second, U.S. Bank relies on Brady on Bank Checks for the proposition that "[i]f the indorsement is forged, recovery of the full payment is likely." [R. 32 at 12 (quoting 1 Richard B. Hagedorn, Brady on Bank Checks and Fund Transfers § 12.10 (LexisNexis A.S. Pratt)).] However, U.S. Bank glosses over a critical word: likely. While the outcome is likely, it is not a certainty. And, based on the language of the statute, the Court cannot conclude that this situation falls into the category contemplated in Brady on Bank Checks.

Last, Central Bank argues that even if the Court does not find that U.S. Bank received $140,390 from Eden Prairie, they are *entitled* to receive $140,390 from Eden Prairie, such that the damages remain zero under the statute.  [R. 33 at 5.]  The Court need not reach this argument because the statute uses the conjunction "or" which indicates two possibilities to calculate damages.  Because the Court finds that U.S. Bank received $140,390 from Eden Prairie, it is not necessary for the Court to also find that U.S. Bank is entitled to receive the $140,390 from Eden Prairie.

### III

Because U.S. Bank has failed to raise a genuine issue of material fact, by showing that they have suffered damage under KRS 355.4-208(2)(a), Central Bank's Summary Judgment Motion will be granted, and U.S. Bank's Summary Judgment Motion will be denied. Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

(1) Central Bank's Motion for Summary Judgment **[R. 25]** is **GRANTED**;

(2) U.S. Bank's Motion for Summary Judgment **[R. 32]** is **DENIED**;

(3) The Proposed Agreed Order Suspending Deadlines **[R. 35]** is **DENIED AS MOOT**; and

(4) This matter is **DISMISSED** with prejudice and **STRICKEN** from the Court's active docket.

This the 11th day June 2025.

Gregory F. Van Tatenhove
United States District Judge